# CHARLESTON.

## CATON v. RABER *et ux.*

Submitted June 14, 1904—Decided November 21, 1904.

1. **VARIANCE—*Amendment—Bill—Evidence.***

   If there is a material variance between the allegations of the bill and the evidence to sustain the same, unless the bill is amended to correspond with such evidence, it should be dismissed on the hearing of the case. (p. 245).

2. **VARIANCE—*Proof Not Sufficient.***

   The allegation in a bill that the grantor in a certain deed failed to retain a certain reservation set forth in a written contract authorizing such deed, is not sustained by proof that such reservation was omitted by reason of an agreement between the parties that the grantee in such deed should make a separate deed for such reservation. (p. 245).

3. **VARIANCE.—*Dismissal of Bill.***

   Where there is a material variance between the allegations of the bill and the evidence, and the evidence fails to clearly show that the plaintiff is entitled to relief, the bill will be dismissed. (p. 245).

Appeal from Circuit Court, Ritchie County.

Bill by A. C. Caton against Jacob Raber and Sarah Raber. Decree for plaintiff, and defendants appeal.

*Reversed.*

DAVIS & SON, for appellants.

B. F. AYRES, for appellee.

DENT, JUDGE:

Jacob and Rebecca Raber, his wife, appeal from a decree of the circuit court of Ritchie county entered in the chancery suit of Alex. C. Caton against them. The bill alleges that the plaintiff and defendant, Jacob Raber, acting as agent for his wife, entered into a written contract for the sale of a certain tract of land by Caton to Rebecca Raber, retaining the one-fourth interest in the gas, oil and mineral; the deed to be made by Creed Collins, the holder of the legal title, from whom Caton purchased; that Collins, on request, executed a deed according to each contract but

"wholly failed to reserve the one-fourth interest in the oil and gas in favor of this plaintiff, A. C. Caton, as he was required to do under the contract of sale." The prayer of the bill is that the defendants be required to execute to the plaintiff a deed for the one-fourth interest in the gas, oil and mineral in accordance with the contract, and not that the deed be reformed to correspond therewith. The defendants answering in substance deny that the one-fourth interest aforesaid was omitted by neglect of Collins but insist that it was purposely done because Mrs. Raber refused to take the land subject to the reservation and that by reason thereof it was left out of the deed by direction of Caton. Caton entered a generel replication to the answers. In his evidence, he admits that the omission was made by his direction under an agreement between himself and Jacob Raber, that Raber would make him a separate deed therefor.

The bill contains no allegation of any such arrangement or agreement and the proof is a clear departure therefrom and presents an entirely different case not justified by the allegations. If the plaintiff relied on any such understanding or agreement, it should have been set out in the bill so that the defendants would have had the opportunity to properly plead thereto. The Rabers in their evidence, dispute the making of any such agreement and Mrs. Raber, by the plaintiff's evidence, is in no wise connected therewith, except through the alleged agency of her husband. If · he fraudulently obtained a deed to her for this property, she being innocent thereof, equity might rescind the sale in toto and restore the parties to their former condition but it would not compel her to keep the property and make a deed for the undivided one-fourth oil, gas and mineral interest claimed to have been reserved. A wife is not bound by the unauthorized acts of her husband in relation to her real estate, unless he is guilty of fraud of which she reaps and retains the benefits after notice thereof and thereby ratifies such fraud. Code, chapter 66, section 3; *Dewing* v. *Hutton*, 48 W. Va. 576.

In the present case there is no allegation of fraud and no sufficient proof thereof if there has been. The omission of the reservation was the voluntary act of the plaintiff without any binding agreement on the part of Mrs. Raber to make him a separate conveyance therefor. He, to secure the consideration of the sale, according to his own evidence, took the risk of obtaining a sepa-

rate deed for the reservation. Mrs. Raber says that she refused to purchase, subject to such reservation, and her deed sustains her contention. As against her, the plaintiff has shown no right to equitable relief. Hence the decree must be reversed and the bill dismissed.

*Reversed.*