# CHARLESTON.

## MARSHALL V. PORTER.

Submitted November 18, 1913.    Decided November 25, 1913.

1. VENDOR AND PURCHASER—*Sale Contract—Construction—"Null and Void."*

   The words "null and void" in the contract for the sale and conveyance of land involved in this case, providing that if default be made by the vendee in the payments when due the agreement shall be "null and void" should be construed as rendering the contract voidable only, at the election of the vendor.  (p. 260.)

2. SPECIFIC PERFORMANCE—*Grounds—Remedy by Vendor.*

   Since by section 20, chapter 90, Code 1906, a vendor cannot recover in ejectment land of which the vendee has taken possession under the contract, his remedy is by suit in equity for specific performance, to have a decree for the balance of purchase money, and a decree for the sale of the land to satisfy the same.  (p. 260.)

3. EQUITY—*Amendment—Dismissal.*

   If a good case, not sufficiently pleaded, be shown by the proof, the court should allow an amendment before dismissing plaintiff's bill.  (p. 261.)

4. SPECIFIC PERFORMANCE—*Pleading—Sufficiency—Action by Vendee.*

   In this case the proposed amended bill was unnecessary, the original bill being broad enough to admit proof of all payments actually made on the land.  (p. 261.)

Appeal from Circuit Court, Hancock County.

Suit by Oliver S. Marshall against James M. Porter.  From decree for defendant, plaintiff appeals.

*Reversed and Remanded.*

*Oliver S. Marshall,* and *John Marshall,* for appellant.

*E. A. Hart,* for appellee.

MILLER, JUDGE:

This suit for specific performance was begun by plaintiff, the vendee, April 26, 1911.  By the terms of the contract, made December 10, 1894, Porter agreed to sell to Marshall certain lots of land in consideration of three thousand dollars, to be paid, five hundred dollars February 14, 1895, five hundred dollars April 14, 1895, one thousand dollars April 14,

73 W. Va.

1896, and one thousand dollars April 14, 1897, a deed to be made therefor when the first two payments should be made, the deferred payments to be represented by notes to be secured by a deed of trust on the property conveyed. Another provision of the contract relied on in defense is: "A failure on the part of said second party to meet his payments when due shall render this agreement null and void."

It is alleged in the bill and admitted in the answer that upon making the first payment plaintiff was put into possession and had so remained from that time to the time of the suit. It is also alleged, but denied, that plaintiff had fully paid for the property, not strictly according to the terms of the contract, but that at the time of the contract defendant was indebted to plaintiff in the sum of $883.00, for which he claimed credit, and that afterwards he had made certain payments to Porter, of which the dates and amounts are specifically alleged, and had performed certain legal services, specifying the cases in which such services were rendered, and the amounts of the fees charged, in all aggregating a sum in excess of the balance of purchase money due defendant, and for which plaintiff alleges, in substance, he is entitled to have applied as payments or credits on said purchase money. And it is also alleged, that plaintiff has endeavored to get a settlement with defendant for said payments, without success, and for which an accounting before a commissioner is asked; and the bill professes a readiness and willingness to pay defendant any balance that may be found due him, if any, on such settlement, on account of said purchase money. There is also a prayer for specific execution, for a deed, and for general relief.

The answer of defendant while denying the indebtedness of $883.00, and some of the alleged credits or payments, yet he substantially admits plaintiff may be entitled to some of the credits claimed, and he admits an effort made to settle with plaintiff, but says plaintiff made no liberal offer of settlement, and none was made. He admits the payment by plaintiff of the first five hundred dollars, and answers that he is ready and willing and has at all times been ready and willing to fully comply with all the provisions of the agreement between him and plaintiff; but he denies the right of plaintiff to

specific performance, and denies the necessity for an accounting. The answer also pleads and relies on the provision of the contract which in terms would render the same void for failure to make payments.

The original bill does not in specific terms allege that the parties had agreed that the payments or credits claimed, except the first five hundred dollar payment, should be treated as payments on said purchase money, but an amended bill, proposed, after the court had announced its conclusions on the pleadings and proofs on the original bill, but which on objection was rejected, on the ground that substantial justice would not be promoted thereby, did so allege, at least as to some of the items of plaintiff's claim.

The first question occurring for decision is what construction should be given to the provision of the contract relied on rendering the agreement "null and void"? Defendant has never declared the contract void, or sought by any action, so far as the record shows, to avoid it, and recover the property. On the contrary, as already noted, he professes a willingness now and at all times to comply with the terms of the contract, and admits that within the last year or two he and plaintiff had endeavored to settle and conclude the contract. We do not think the words "null and void" should be construed literally. When these words are employed in contracts of this kind they are generally construed to mean that the contract is voidable at the election of the party in whose favor they were inserted, in this case the vendor. 5 Words and Phrases, 4867. It is evident from their conduct that these words in the contract were so construed by the parties thereto. Defendant, in his answer, asks no affirmative relief based thereon. He could not, because of section 20, chapter 90, Code 1906, recover in ejectment the land sold. *Garrett v. South Penn Oil Co.,* 66 W. Va. 587. His remedy against plaintiff would be in equity to specifically execute the contract, have the balance due him decreed, and in default of payment after a day given therefor, a decree to sell and have the vendee's equity foreclosed thereby. *McNeeley v. Oil Co.,* 52 W. Va. 616, 634, citing *Suttle v. R. F. & P. R. R. Co.,* 76 Va. 284, *Dobson v. Culpepper,* 23 Grat. 354, *Williamson v. Paxton,* 18 Grat. 475, Hutchinson Land Titles, section 476, 2

Minor's Inst. 229: In the principal case Judge BRANNON says: "He (the vendor) must now go into equity to enforce his rights according to the contract, and can no longer recover possession at law, whether the purchaser owes for the land or not."

Plaintiff complains next of the rejection of his amended bill, alleging in addition to the matter of the original bill, among other things, an agreement between him and defendant that certain of the sums paid and claimed as payments on the purchase money, should be so applied.

Of course a plaintiff is not entitled to amend so as to make a new case, but if a good case be made by proof, not sufficiently pleaded, the court should not deny relief but before dismissing the bill should give leave to amend, and it is error not to do so. *Lamb* v. *Laughlin,* 25 W. Va. 300; *Ryan* v. *Nuce,* 67 W. Va. 485; *Floyd* v. *Duffy,* 68 W. Va. 339; *Whetsell* v. *Elkins, Id.* 709. Of course if the evidence fails to clearly show plaintiff entitled to relief, the bill should be dismissed. *Caton* v. *Raber,* 56 W. Va. 244, 49 S. E. 147. Such is not the case here. Of course we are not passing on the sufficiency of the proof on the disputed items of payment. The court below has not yet done so in any proper way to give us jurisdiction on appeal.

But was an amended bill necessary in this case? The original bill is not very skillfully drawn, but we think the allegations sufficient to admit proof of any payments made on the purchase money, or credits which the parties may have at any time agreed should be treated as payments thereon. The first five hundred dollar payment is certain. And we think the plaintiff being in possession, and claiming other payments or credits as such, is entitled to have the decree of the court thereon, and the balance, if anything due from him, decreed; or if nothing due, or when the balance is found and decreed, and paid according to the decree to be entered, to have a deed specifically executing the contract. This proposition is supported by the recent case of *Mills* v. *McLanahan,* 70 W. Va. 288.

For these reasons we are of opinion to reverse the decree below and remand the cause.

*Reversed and Remanded.*