ROLLTON SYNDICATE, INC., Respondent, *v.* MEYER WIDLITZ, Appellant.

Second Department, January 14, 1927.

**Vendor and purchaser — specific performance of land contract by assignee of original purchaser — original purchaser assigned contract to defendant — by terms of assignment defendant assumed and agreed to perform contract — said assignment was specifically conditioned not to take effect until defendant paid purchaser stipulated amount — said condition was for benefit of purchaser and not assignee — defendant cannot be relieved of liability for failure to perform by refusing to make payment — counterclaim for earnest money is insufficient since defendant is in default — original contract called for full covenant and warranty deed from owners — plaintiff who acquired right from original purchaser cannot enforce contract without showing ability to comply with that covenant — judgment cannot be awarded on pleadings — question whether plaintiff received deed required by contract can only be determined upon evidence.**

This is an action to compel the specific performance of a land contract.  The original purchaser assigned the contract to the defendant.  By the terms of the assignment the defendant agreed to assume and perform all the obligations of the land contract, but it was stipulated that the assignment was conditional upon and should not take effect until the defendant paid the amounts stipulated in the assignment.  That provision in the assignment was for the benefit of the purchaser and gave him an option to rescind the contract in case of failure of the defendant to make the payment, but did not relieve the defendant from his obligation in case he failed to make the stipulated payment.  Therefore, the defendant is liable on the contract although the payment was not made to the original purchaser.

The defendant's counterclaim is insufficient since it predicates a right to recover earnest money on the contract under which the defendant is in default.  The defendant cannot recover earnest money without showing that he has performed or that he is ready and willing to perform his part of the contract.

Since the land contract provided that the purchaser was to receive a full covenant and warranty deed from the owners, the plaintiff who had succeeded to the purchaser's rights and completed the performance of his obligations under the contract cannot compel the specific performance of defendant's obligations without showing that the owners gave to the plaintiff a deed of the character described in the contract.

Whether or not the plaintiff received such a deed is a matter that cannot be determined on this motion for judgment on the pleadings, for there is nothing to show the character of the deed received by the plaintiff.

APPEAL by the defendant, Meyer Widlitz, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 28th day of April, 1926, granting plaintiff's motion to dismiss the counterclaim of the defendant, and denying defendant's cross-motion to dismiss plaintiff's complaint.

*Harry G. Fromberg* [*Lewis Nadel* with him on the brief], for the appellant.

*Charles S. Rosenschein,* for the respondent.

Order dismissing counterclaim and denying motion to dismiss complaint affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice CARSWELL at Special Term.

KELLY, P. J., JAYCOX, MANNING, KAPPER and LAZANSKY, JJ., concur.

The following is the opinion of the court below:

CARSWELL, J. Plaintiff moves to dismiss a counterclaim of the defendant and defendant moves to dismiss the complaint. The defendant claims that under a certain instrument his obligation was conditional and upon his failure to make a certain payment the contract became void and could not be invoked against him. Plaintiff asserts that the failure of defendant to make that payment only gave Cooper (his assignor) the option to treat the contract as at an end, but did not require him to do so. Cooper elected to treat the contract as subsisting and assigned his rights thereunder and to the contract of sale referred to therein to plaintiff who took title to the parcel involved. A question of law determines for the most part the controversy between the parties. That question of law is what effect is to be given to a paper reading as follows: " Whereas contract was made by Abraham Miller and Goldie Miller, his wife, as seller and Cooper as buyer, dated August 1, 1925, covering parcel of realty located on the west side of Beach Thirty-fourth street, [description] together with the building and improvements thereon, which contract is initialed by the parties, and Cooper has paid thereon $5,000 *and it is desired that said contract be assigned to and assumed by Widlitz* for the consideration to be paid by him of $10,000 plus reimbursement in said sum of $5,000 (in all $15,000). Now it is hereby agreed that said Cooper *hereby assigns and transfers* to said Widlitz the said contract and all his right, title and interest therein and thereto, *which contract said Widlitz assumes* and agrees to perform, *but said assignment shall be conditional upon and shall not take effect until the payment of* $5,000 *hereinafter referred to.* The sum of $15,000 shall be

paid, $10,000 upon the execution hereof (of which $1,000 was paid on August 3d) and the balance of $5,000 on or before September 15, 1925, at the office of Moers & Rosenschein, 2 Rector street, at 11 A. M., by cash or certified check. *If* and when *the balance of $5,000 is paid* at the time and place aforesaid, *this assignment shall become absolute*, otherwise *to be null and void*, time of payment being of the essence as to the assignor. If Miller is unable to deliver marketable title then the said sum of $10,000 shall be returned by Cooper to Widlitz, but Cooper shall not have any other or further obligation to him." The portions italicized are of particular importance. My view is that the obligation of Widlitz, under the foregoing instrument, is absolute and not conditional. The language is " which contract said Widlitz assumes and agrees to perform." Cooper's obligation is conditional. He assigns presently, *i. e.*, " said Cooper hereby assigns and transfers to said Widlitz   *   *   * , but said assignment shall be conditional upon and shall not take effect until the payment of $5,000 hereinafter referred to." This cutting down of Cooper's assignment obligation by the language with respect to the condition is not paralleled by a corresponding condition following Widlitz's absolute assumption of the contract in the language " which contract said Widlitz assumes and agrees to perform," such as there is in the condition language following Cooper's otherwise absolute obligation and present assignment in the language " hereby assigns," etc., followed by " but said assignment shall be conditional." The provision with respect to the condition operates for the benefit of Cooper and not Widlitz. The provision, " this assignment shall become absolute, otherwise to be null and void," inures to the benefit of the vendor and merely means that at the option of the vendor the contract is void; that is, that it is voidable. It does not become void for the benefit of the vendee upon the default of the vendee. This view has the support of the great weight of authority in contracts involving the sale of land. (*Stewart* v. *Griffith*, 217 U. S. 323; *Western Union Telegraph Co.* v. *Brown*, 253 id. 101; *Marshall* v. *Porter*, 73 W. Va. 258; *Jones* v. *Hert*, 192 Ala. 111; *Western Union Telegraph Co.* v. *Lange*, 248 Fed. 656.) Corresponding language has been similarly interpreted as to its effect in contracts involving other matters. (*Roehner* v. *Knickerbocker Life Ins. Co.*, 63 N. Y. 160, 166; *Born* v. *Schrenkeisen*, 110 id. 55, 59; *People ex rel. Rodgers* v. *Coler*, 56 App. Div. 98, 105.) A different view of such language and provisions may prevail with respect to certain contracts not involving the sale of land, such as contracts relating to the development of mining claims and patents. (*Western Union Telegraph Co.* v. *Lange, supra; Williamson* v. *Hill*, 154 Mass. 117.)

The complaint states a good cause of action as between the original parties to the instrument under the foregoing authorities. For the same reasons the counterclaim is insufficient in law. Moreover, the counterclaim is insufficient, for the reason that it purports to predicate a right to recover earnest money on a contract under which the defendant is in default. To recover earnest money, it must appear that the purchaser has performed or is ready and willing to perform his part of the contract. Neither appears in the counterclaim herein. (*Beveridge* v. *West Side Const. Co.*, 130 App. Div. 139; *Dwork* v. *Weinberg*, 120 id. 507; *Alberts* v. *Vahjen*, 200 N. Y. Supp. 115; *Friedland* v. *Argentor Holding Corp.*, 214 App. Div. 242.) This leaves but one inquiry, as to whether or not this plaintiff as assignee of Cooper can enforce specific performance of the contract referred to in the assignment agreement between Cooper and Widlitz, by reason of rights that vested in Cooper as against Widlizt. Cooper was to have received, according to the contract, a full covenant and warranty deed from the Millers. He could not be required to accept any other kind of a deed. (*Bigler* v. *Morgan*, 77 N. Y. 312, 317; *Elterman* v. *Hyman*, 141 App. Div. 208; *Miner* v. *Hilton*, 15 id. 55, 60; *MacDonald* v. *Bach*, 51 id. 549.) It appears from the complaint (¶ 10) that the plaintiff, as assignee of Cooper, has completed the performance of the obligations of the purchaser, Cooper, under the contract. It is this assignee which has assumed Cooper's obligations under that contract that seeks to enforce specific performance from the defendant Widlitz. It nowhere appears in the complaint in an evidentiary way whether or not the Millers gave to the plaintiff a deed of the character described in their agreement with Cooper. If they did so, then the plaintiff would be able to give the defendant the beneficial effect of the contract between Cooper and the Millers, and, in that event, plaintiff could require specific performance from the defendant. Privity of estate enables the covenants of warranty in a deed to be enforced by a remote grantee against any prior grantor. (*Mygatt* v. *Coe*, 147 N. Y. 456; 142 id. 78; *Keyes & Marshall Bros. Realty Co.* v. *Trustees*, 146 App. Div. 796, 797; 205 N. Y. 593.) If it developed that plaintiff received a quitclaim or other form of deed not described in the contract, then defendant would be deprived of the beneficial effect of the contract between Cooper and the Millers, with respect to a full covenant and warranty deed if specific performance were decreed against the defendant. In the latter situation specific performance could not be had by this plaintiff against this defendant. It, therefore, may not be determined on the pleadings whether judgment should be had in favor of the plaintiff against the defendant for specific

performance, although upon the evidence adduced at the trial, under paragraph 10, it may be that specific performance should be decreed. It is a matter that may be determined only upon evidence. If the evidence should take on such a character as to preclude specific performance the right would still persist in someone to enforce an action for damages, if any were suffered, by reason of Widlitz's failure to carry out his agreement with Cooper, which cause of action would be capable of assignment. Accordingly, judgment may not be given to any one under rule 112 of the Rules of Civil Practice. An order may be entered granting plaintiff's motion to dismiss the counterclaim herein and denying defendant's motion to dismiss the complaint.