In the Matter of the Estate of ELLEN HAYES, Deceased. ARTHUR G. HAYS et al., Appellants; OLIVER W. HAYES et al., Respondents.

(Argued December 14, 1933; decided January 9, 1934.)

*Arthur Garfield Hays* and *Alan S. Hays* for appellants. In construing a will the intention of the testator is controlling. (*Matter of Rooker*, 248 N. Y. 361; *Matter of Silsby*, 229 N. Y. 396; *Matter of Buechner*, 226 N. Y. 440; *Matter of Pulis*, 220 N. Y. 196; *Matter of Buckley*, 135 Misc. Rep. 156; *Matter of Anderson*, 143 Misc. Rep. 250.) The court will strive to make a construction that will support the will, and to avoid a construction which will create an intestacy. (*Matter of Gallien*, 247 N. Y. 195; *Matter of Buckley*, 135 Misc. Rep. 156.) Under paragraph V (d) there is a bequest of any remainder to appellant. The bequest is absolute and covers the entire remainder of the estate. (*Bird* v. *Merklee*, 144 N. Y. 544; *Matter of Abbe*, 138 Misc. Rep. 210; *Matter of Judge*, 141 Misc. Rep. 254; *Webster* v. *Gleizes*, 251 N. Y. 554; *Tillman* v. *Ogren*, 227 N. Y. 495; *Matter of Steiner*, 134 App. Div. 162; *Matter of Hoyt*, 142 Misc. Rep. 344; *Matter of Bell*, 141 Misc. Rep. 720; *Crawford* v. *McCarthy*, 159 N. Y. 514; *Matter of Tallman*, 131 Misc. Rep. 863.)

*G. D. B. Hasbrouck*, as special guardian for Oliver W. Hayes et al., respondents. The language of the will clearly discloses that the testatrix intended to create a trust. (*Holland* v. *Alcock*, 108 N. Y. 312; *Matter of Graves*, 171 N. Y. 40; *People* v. *N. Y. C. R. R. Co.*, 34 Barb. 123.)

*Kenneth S. MacAffer* for Stanley W. Hayes, as executor of Ellen Hayes, deceased, respondent. The testatrix in paragraph V (d) of the will endeavored to create an invalid trust. (*Matter of Catlin*, 97 Misc. Rep. 223; 179 App. Div. 926; *Reynolds* v. *Reynolds*, 224 N. Y. 429; *Holland* v. *Alcock*, 108 N. Y. 312; *Read* v. *Williams*, 125 N. Y. 560; *Tilden* v. *Green*, 130 N. Y. 29; *Matter of Cunningham*, 206 N. Y. 601; *Matter of Shattuck*, 193 N. Y. 446; *Matter of Kelley*, 138 Misc. Rep. 190; *Matter of Fraesch*, 245 N. Y. 174.)

HUBBS, J. Ellen Hayes, a spinster, evidently of advanced years, died on October 27, 1930. Three days before her death she dictated a last will and testament to Louise Seymour Brown, who was a beneficiary under the will.

It is evident that testatrix was highly educated but that she lacked familiarity with the precise meaning of legal terms. The opinion of the learned Surrogate and briefs of counsel deal at length with assumed interests and activities of deceased, intended to explain the purpose of the distribution of her property, and of certain requests made in her will. These matters are entirely apart from the record before us and may not be considered.

The Surrogate decided that the appellant Hays took under the will an absolute beneficial estate in all of the remainder not specifically devised or bequeathed. The Appellate Division reversed, made new findings and decided that the attempted devise and bequest to Hays referred only to the balance remaining in the fund referred to in subdivision (a) paragraph V of the will hereafter

quoted and that subdivision (d) of that paragraph attempted to set up a trust which was void and, therefore, that the testatrix died intestate as to the balance of such fund and also as to certain other bank balances not mentioned in the will. Paragraph V reads as follows:

" V. (a) From the fund above mentioned in charge of the Boston Safe Deposit and Trust Company, I desire my executor, Stanley Wolcott Hayes, to administer two thousand dollars ($2,000) to each of my sisters, Anna Hayes Hollister and Mariquita Hayes Wallace in payments of two hundred dollars ($200) each per annum per person.

"(b) One thousand dollars ($1,000) outright payment to the Free Press Association, Ltd., 628 Johnson's Court, Fleet Street, London. This to be paid in one flat sum to the treasurer of the F. P. A.

"(c) One thousand dollars ($1,000) to the Free-thought Press Association, 250 West 54th Street, New York.

"(d) Any remainder after these bequests have been made, I leave to Arthur Garfield Hays to use at his discretion in promoting the ends of justice."

The first question for determination is what the testatrix intended to convey to Hays by subdivision (d) of paragraph V. The second is whether subdivision (d) constituted an absolute gift of the property intended to be conveyed or was it an attempt to create a trust which is void.

In deciding those questions, our primary purpose must be to ascertain from the will the intent of the testatrix. Adjudicated cases are of little assistance. Each will is a law unto itself.

It is apparent from the reading of the will that testatrix was what is known as a radical, a liberal or free thinker, and she is so referred to in the briefs of counsel. In her will she left to a physician at a State hospital full charge of her brain and body; one thousand dollars to the Free Press Association, Ltd., of London; one thousand dollars

to the Freethought Press Association of New York, and she willed upon certain conditions the income of a fund to the Vineyard Shore School for Women Workers in Industry, also certain real property and provided that no man should occupy for residence any domestic building upon the property. She stated in the will that she did not wish any funeral services, music or flowers, but that she would like it " if the students will sing one stanza of the International," and she directed that she should be buried in " the cheapest and plainest wooden box."

Her nearest surviving relatives were a brother and sisters. To her relatives she willed only a small portion of her estate. It is apparent that they were not the special objects of her bounty.

The intended trust as found by the Appellate Division includes only the amount on deposit as represented by bank books found in the safe deposit box of the Boston Safe Deposit and Trust Company. It was so limited by treating the clause marked (d) in the will as referring only to the fund mentioned in the clause marked V (a).

The question presented is whether in the mechanical process of paragraphing and numbering the paragraphs of the will, there is evidenced an intent on the part of the testatrix to limit the effect of clause (d) to the fund mentioned in V (a). The holding that such an intent is evidenced by the numbering and designation of the paragraphs of the will is to assume an intent on the part of the testatrix to leave a large portion of her estate undisposed of by the will.

In this connection, it should be noted that she requested her executor, who is not the beneficiary named under clause (d), " to faithfully administer this my estate according to my obvious wishes." Nothing makes obvious her wishes beyond the expressed terms of the will. In the construction of the will we are confronted by the question which of two canons of interpretation should be applied, namely, whether that construction should

be given to the will which avoids intestacy as to any part of her estate or as to whether that construction shall be given which avoids the exclusion of testatrix's next of kin from participation in the estate.

As to the competency of testatrix, no question is raised. That she was an educated, intelligent woman, with a clear conception of the nature of her property and of the relationship to her of certain of her next of kin is evident from the will. She did dispose of a portion of her estate by gifts to next of kin. Is it to be presumed that she did not appreciate that there were others who were of her next of kin, or realizing that there were such others, that she purposely left a portion of her estate undisposed of that next of kin generally, including those specifically named, should share in such residue?

The fact that she made bequests to certain next of kin indicates that such provision was all that she intended that they should receive of her estate. To permit them to share to a greater extent as next of kin in her estate would be contrary to her intent as expressed in the will, and would tend to defeat rather than further the " obvious wishes " of testatrix.

It requires no elimination of words to construe paragraph V (d) as intended to embrace her entire residuary estate. On the contrary, there must be read into the clause the words " from the fund above mentioned in charge of the Boston Safe Deposit and Trust Company " in order to assume an intent to limit the gift there provided to the remainder of a certain fund rather than to make it inclusive of the residue of her personal estate after satisfaction of the specific bequests. All real property not specifically devised was directed to be sold and added to her personal property.

The construction adopted by the Surrogate makes the will a complete instrument and avoids intestacy as to any part of the estate. It seems to us that was the intent of the testatrix. In that conclusion we are aided

by the presumption that testatrix who had taken the trouble to make a will did not intend to dispose of only a small part of her estate and to die intestate as to a major part thereof. (*Hadcox* v. *Cody*, 213 N. Y. 570; *Schult* v. *Moll*, 132 N. Y. 122, 127.)

" The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual, in the history of testamentary dispositions, as to justify almost any construction to escape from it." (2 Redfield on Wills [3d ed.], p. 235.)

We are not required to go to the extent suggested by the learned author. Many decisions by this court have stated the principle, in different language, that an interpretation that will result in intestacy as to any part of an estate is to be avoided if possible. (*Meeks* v. *Meeks*, 161 N. Y. 66, 70; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 N. Y. 293, 300; *Matter of Ossman* v. *Von Roemer*, 221 N. Y. 381, 387.)

We are also of the opinion that the Surrogate was justified in deciding that testatrix did not intend by clause (d) of paragraph V to create a trust. Other provisions of the will demonstrate that she knew how to create a trust when she desired to do so. The clause in question begins with the words, " any remainder after these bequests have been made, I leave to Arthur Garfield Hays." If nothing further appeared, it would be clear that the bequest was intended to be absolute. (*Campbell* v. *Beaumont*, 91 N. Y. 464.)

To those words are appended the additional provision, " to use at his discretion in promoting the ends of justice." These words do not include the ordinary legal phraseology used to constitute a trust. If the words " at his discretion " were omitted, the words remaining might be intended to constitute a limitation upon the permitted use of the fund and might, therefore, indicate an intent to create a trust. With the words " at his discretion "

added, the question arises whether the discretion is to be applied in determining whether to use the funds in promoting the ends of justice (not disclosing an intent to create a trust) or whether the discretion is to be applied in determining what are the ends of justice (indicating an intent to create a trust). Had the latter limitation been intended, a much clearer expression would have been " to use in promoting those things which he shall deem the ends of justice."

While it is assumed by the parties that the words " ends of justice " refer to certain objects in which testatrix was interested and in which Hays was also interested, there is nothing in the record before us to indicate such intention or that there was in fact any common object in which testatrix and Hays were interested. We may not assume from this record that the ends of justice mean other than the generally accepted interpretation of those words.

No specific beneficiary of the so-called trust is named. In the absence of any named beneficiary and in the absence of any expression in the will or evidence in the record that testatrix and Hays were interested in a common object, we are constrained to hold that the intent of testatrix was that Hays should use the property if he desired or at his discretion in promoting the ends of justice and, therefore, that the clause used was not intended to create a trust.

Here we have words constituting an absolute gift followed by words in the same sentence which do not disclose a clear intention to cut it down. Under such circumstances, courts favor giving effect to the absolute gift. (*Clarke* v. *Leupp*, 88 N. Y. 228; 1 Perry on Trusts [6th ed.], p. 162, § 115.)

The question always is whether the maker of the will, by the language used, intended to impose an obligation on the legatee to carry out an expressed purpose or having expressed a wish intended to leave it to the

legatee to act in accordance therewith or not in his discretion.

The principle was stated by Lord CRANWORTH in *Williams* v. *Williams* (1 Sim. [N. S.] 358) as follows: " The real question always is whether the wish or desire, or recommendation that is expressed by the testator is meant to govern the conduct of the party to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of the party, leaving it, however, to the party to exercise his own discretion." (*Foose* v. *Whitmore*, 82 N. Y. 405.)

That testatrix intended to give Hays a wide discretion in the use of the funds is clear, and it seems to us that upon the record before us, we would be unjustified in giving to the words used a narrow rather than a broad construction. The broad construction avoids implying an attempt on the part of the testatrix to create a trust which, if intended, might be void for uncertainty of object and beneficiary. We believe it was the intention of the testatrix to leave the use of this property to the discretion of Hays, and that rather than intending to limit him, she assumed that he would exercise that discretion for promoting the ends of justice as understood by him.

It is earnestly contended by respondents that the fact that the donee, if the gift be not held to have been intended as a trust, could disregard the wish of the testatrix and keep the gift as his own, should lead the court to hold that a trust was intended.

The argument does not constitute a legal reason why the words should be held to have been used with the intent to create a trust. Testatrix was the absolute owner of the property: She could give it in any way she wished. If she was content to give it in reliance upon the discretion of the donee, she had a right to do so. The fact that she indicated that the legacy should be used at the discretion of the donee in promoting the ends of justice,

does not indicate an intent to create a trust. (*Bird v. Merklee*, 144 N. Y. 544, 550.)

If there be doubt about the correctness of the construction which the Surrogate has given clause (d) and either construction contended for is reasonably possible, " the one that will sustain the validity of the will is to be preferred." (*Matter of Gallien*, 247 N. Y. 195, 200.)

Under the terms of this will, it seems to us that the intent to dispose of the entire remainder of the estate is evidenced by the clause V (d) and the request to the executor immediately preceding the testimonium clause and that the will should not be subjected to a rule of construction which results in partial intestacy. We hold that it was the intent of the testatrix that Hays should take the entire residuary estate subject to the moral obligation to use it to promote the ends of justice as understood by him. If we were permitted to consider the interests of testatrix during her lifetime as indicated in the opinion of the Surrogate and in the briefs of counsel, whatever might be our view as to the wisdom of those interests, strength would be given to our conclusion that it was the intent of testatrix to distribute her estate as indicated above rather than that partial intestacy was intended.

The order of the Appellate Division should be reversed and that of the Surrogate's Court affirmed, with costs to all parties filing briefs, payable out of the estate.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and CROUCH, JJ., concur.

Ordered accordingly.