In the Matter of the Petition of Mary C. Burch, as Executrix, etc., of George S. Burch, Deceased, Respondent, for a Determination as to the Construction or Effect of the Disposition of Property Contained in the Last Will and Testament of George S. Burch, Late of the City of Albany, County of Albany, New York, Deceased. John G. Burch, Contestant, Appellant.— The question is whether a precatory trust was created by the second paragraph of decedent's will. The second paragraph of the will reads as follows: " Second. All the rest, residue and

remainder of all the property of which I die possessed, both real and personal, I give, devise and bequeath to my wife, Mary C. Burch and I hereby express the desire that upon her death, she dispose of the remaining property in the following manner: to my sister, Alice M. Burch, I desire that my residence together with all household furniture and effects, being number 659 Central Avenue, Albany, N. Y., be given, for her use during her life time, and upon her death, to revert to James M. Wylie, providing that said James M. Wylie and his family continue to treat my wife, during her life time with the same care and affection which they now show toward her; to my nieces, Emily Wylie and Melvina Wylie, I desire that upon the death of my wife, Two Hundred Fifty ($250.00) Dollars each be given; all the rest, residue and remainder of the property, both real and personal, I desire, upon the death of my wife, to be given to my brother, John G. Burch and sisters, Alice M. Burch and Clara B. Allen, to be divided equally between them or their survivors." It is noted that the testator expresses the " desire that upon her death, *she dispose*," of the *remaining* property. The further language of the testator is " I desire that my residence * * * *be given*," and " I desire that upon the death of my wife " the sum of $250 " be given; " and also " I desire, upon the death of my wife, to be given to my brother," etc. The court gives consideration to the case of *Matter of Hayes* (263 N. Y. 219, 226), where it is stated that " The question always is whether the maker of the will, by the language used, intended to impose an obligation on the legatee to carry out an expressed purpose or having expressed a wish intended to leave it to the legatee to act in accordance therewith or not in his discretion." Decree of the Surrogate's Court unanimously affirmed, with costs to the respondent, payable out of the estate. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ. [152 Misc. 387.]