In the Matter of the Estate of FRED NICHOLAS BAYLIES, Deceased.

Surrogate's Court, New York County, April 22, 1935.

*Compton, Dillon & Clark* [*Herbert C. Pentz* of counsel], for the executors.

*Chadbourne, Stanchfield & Levy* [*Leonard P. Moore* and *Robert M. Bozeman* of counsel], for the trustee in bankruptcy.

*William W. Landis*, for the committee of an incompetent.

*Arthur Butler Graham*, special guardian.

DELEHANTY, S. In this accounting proceeding it is necessary to determine whether a claim filed against the estate by the trustee in bankruptcy of a realty development corporation is a valid claim against the estate.

In August, 1927, one Gayness entered into a contract with the bankrupt corporation to purchase some land at an agreed price of which he paid twenty-five per cent. He became entitled to a deed upon making payment with interest of three similar installments of the purchase price on the three successive anniversaries of the contract date. The agreement of purchase contained the requirement that the seller would on completion of the payments deliver a deed containing the usual full covenants of warranty except for certain restrictions as to character of structures to be placed on the property. The agreement made time of the essence in the matter of payment of installments. On default in payment, it gave to the seller the option to terminate the agreement and to retain all payments as liquidated damages. It contained a provision that it was binding upon the representatives or assigns of each of the parties and that it might not be assigned without the written consent of the seller.

Gayness assigned this contract to deceased. The seller gave its consent in writing to the assignment. Thereafter deceased procured an extension to September 8, 1928, of the installment of principal due August 8, 1928. Prior to the payment date as so extended deceased sent his check to the seller for the current installment with

interest. He stated in the letter the make-up of the payment sent, declared that it was to apply on the contract and in his letter used the phrase " leaving a balance of $5,250 still due." Subsequently deceased obtained permission to construct a pier upon the lands under water adjacent to the premises which were the subject of the contract and procured from the seller its agreement to incorporate in the deed subsequently to be made the consent of the seller to such construction. Subsequently various extensions were applied for by deceased and granted by the seller, including an extension of payment until August 8, 1931, without interest. Again there was a request for extension which was granted, again without interest, to August 8, 1932. This last extension was requested in a letter of deceased dated August 13, 1931, and was granted by letter of the seller dated August 28, 1931.

A receiver was appointed for the seller on May 6, 1932. A permanent trustee in bankruptcy of the seller was appointed by order made October 24, 1934. Prior to his appointment and on or about January 16, 1933, the receivers of the seller had filed their claim with the executors. The trustee in bankruptcy adopted that claim and seeks here its enforcement.

The executors oppose allowance of the claim on various grounds. The first of these is that the contract imposed no personal liability on deceased and that as assignee he was entitled to forfeit his payment without liability for any balance of the purchase price remaining unpaid. The general rule is as stated by the executors. (*Langel* v. *Betz*, 250 N. Y. 159.) Here, however, the facts establish an adoption of the contract by deceased. There is here a course of conduct by deceased which bound him to perform all the terms of the contract as if he had been the original purchaser. The acceptance by him of an assignment formally made of a contract which contains a provision that it is binding on the assigns of the parties, the part payment of the purchase price, the repeated requests for extensions, the procurement of the assent of the seller to take the installments without interest, the request for and procurement of the seller's consent to the right to construct a pier on the adjacent underwater lands, all establish so complete an adoption of this contract by deceased as to bar his executors from the defense asserted. (*Langel* v. *Betz, supra.*)

The executors defend because of the passing of the law day without tender of purchase price or of deed. Concededly on the last extension date, August 8, 1932, receivers were in control of the business of the seller and they had taken possession of its properties. They found the properties subject to various liens including mortgages on the land and tax liens. Their reports were

offered in evidence. Objection to these reports was made by claimant. That objection is overruled and the reports are received and are considered as part of this record. Since the receivers were in possession of the property their declarations respecting it and the liens upon it and respecting their inability to perform the contracts of the seller company are all relevant to the inquiry whether this contract is now enforcible. It appears from the reports of the receivers that clear title could not have been given at any time up to their displacement from the office by the appointment of the trustee in 1934.

Claimant asserts that inability at that time is not fatal to the validity of the claim because there was no time specified for the delivery of the deed and hence the failure of either party to take any action until this present proceeding not only authorizes but requires this court to now fix a reasonable time within which the consideration shall be paid and the deed delivered. The claim that the contract said nothing about the date of delivery of the deed is not sound. The contract expressly makes time of the essence in the payment of the installments of the purchase price. That necessarily imports that the deed was to be delivered against payment of the last installment. Hence time was equally of the essence in the matter of delivery of the deed.

On the record here it is clear that only recently were arrangements completed which reduced to manageable proportions the Federal tax lien. That lien is still upon the property but it is proposed by the claimant that the balance of the purchase price be used to pay such liens. The record shows that arrangements have been made which would permit the release from the general mortgage of the particular property which is the subject of this contract of purchase and it is proposed that upon a new closing date such release can be procured on terms which will then be within the power of the trustee in bankruptcy. The court is asked to fix such new day for closing in the exercise of its equitable powers.

In any appeal to the equity powers of the court all the equities must be taken into account. Here the original purchase was made in reliance upon a general development of a tract by a going concern which presumably would be interested in completing its development. The record shows that that development has been completely suspended for a period of years and that it is gravely doubtful whether it ever will be resumed. Meantime and since August 8, 1932, property values have shrunken materially and no real market exists for property such as is here involved. In such a situation the court must consider whether it would be equitable to give to the seller further time to permit the clearing of the title and

whether it would be equitable to direct these executors to furnish the funds of the estate to the extent necessary to clear the liens on the property. This court is not willing so to exercise its powers.

For a further reason the court should refuse to aid claimant. The contract contains a requirement that there shall be delivered to the purchaser a full covenant and warranty deed. The deed contemplated was one of a solvent going concern. The type of deed which alone a trustee in bankruptcy is authorized to make does not conform to the contract. The right of the purchaser to a warranty deed is a substantial right. (*Bigler* v. *Morgan,* 77 N. Y. 112; *Rollton Syndicate, Inc.,* v. *Widlitz,* 219 App. Div. 537; *Bolognino* v. *Shotland,* 162 id. 679; *MacDonald* v. *Bach,* 51 id. 549.) Since the seller cannot make tender of a deed in conformity with the contract it cannot perform the contract.

For all the reasons stated the claim for the balance of purchase price is disallowed. Submit, on notice, decree accordingly and directing distribution of the fund reserved pending this determination.