In the Matter of the Estate of JOHN CORBITT, Deceased.

Surrogate's Court, New York County, May 20, 1942.

*John A. Miller,* for the petitioner.

*Leo L. Walton,* for William J. Duffy, as administrator, etc., respondent.

*John G. Dyer* [*John G. Dyer* and *Robert E. Swain* of counsel], for Mary Corbitt and Josephine O'Neill, respondents.

FOLEY, S. In this accounting by the administratrix c. t. a. a question of construction is raised. The testator died on February 13, 1905. By his will he created a life estate for the benefit of his daughter. The remainder, following the life estate, was disposed of in the following language: " *Third:* It is my will and I hereby give, devise and bequeath to my said grandchildren, John Cavanagh and John Corbitt, all the rest, residue and remainder of my said estate, to be divided equally between them on the death of my said daughter Mary Cavanagh, provided they and each of them shall then have attained the age of twenty-one years. *Fourth.* In case of the death of either of my grandchildren, then it is my Will and I hereby devise and bequeath to the survivor thereof the whole of my said estate."

The grandson, John Corbitt, died intestate on September 18, 1916 at the age of twenty-four. The other grandson, John Cavanagh, named as remainderman, died intestate on May 27, 1917 at the age of thirty. The life estate terminated by the death of the testator's daughter on October 1, 1941. The controversy is as to whether the remainder gifts are vested or contingent. Three separate contentions are made: (1) that the remainders are contingent and that as the remaindermen predeceased the life tenant

intestacy results; (2) that the remainders vested on the death of the testator; (3) the remainder originally contingent became vested in the last grandchild to die and is now payable to his representatives.

It is apparent from a reading of the will that the special objects of the testator's bounty were his daughter and the two grandchildren named in the will. The benefits given to these special objects of his bounty by the will are couched in words of present gift. Further it may be observed that the gift of the remainder is to two persons *nominatim*. Words of present gift in reference to a remainder are evidence of an intention that the remainder is to vest on the death of the testator. (*Connelly* v. *O'Brien*, 166 N. Y. 406, 409; *Matter of Seaman*, 147 id. 69.) The gift of a remainder *nominatim* likewise indicates an intention to give a vested interest in the named persons. (*Matter of Evans*, 165 Misc. 752; affd., 258 App. Div. 1037; affd., 284 N. Y. 571; *Matter of Soy*, 143 Misc. 217.) The concurrent operation of these two rules in this case compels the holding that the remainder vested on the death of the testator. (*Matter of Evans, supra; Matter of Montgomery*, 258 App. Div. 64; affd., 282 N. Y. 713.) Here, as in *Matter of Evans* (*supra*) and *Matter of Montgomery* (*supra*) the only language of the will which in any way supports the contention that the remainder was contingent is the reference to the death of either of the named remaindermen. Here, as in *Matter of Evans* (*supra*) and *Matter of Montgomery* (*supra*) the reference to the death of the remaindermen refers to death in the lifetime of the testator. This construction of the will that the remainder vested on the death of the testator follows two other well-established rules of construction. The first of these rules, namely, that the law favors the vesting of estates at the earliest possible moment, is perhaps the most frequently cited rule of construction. (*Matter of Watson*, 262 N. Y. 284; *Connelly* v. *O'Brien, supra; Hersee* v. *Simpson*, 154 N. Y. 496.) The other rule supporting this construction is that the law favors a construction which will avoid intestacy. (*Matter of Hayes*, 263 N. Y. 219; *Waterman* v. *N. Y. Life Ins. & Trust Co.*, 237 id. 293.) I accordingly hold that the remainder is distributable to the representatives of the estates of the grandsons named in the will.

The cases cited in support of the contention that the entire remainder became vested in the survivor of the two grandchildren are not in point here. In those cases the will specifically provided that the gift to the survivor of the remaindermen was to take effect on the death of the named remaindermen during the continuation of the trust. (*Matter of Merriam*, 168 Misc. 932; *Matter of Latham*, 133 id. 36.) There is no such provision in this will.

Submit decree on notice construing the will and settling the account accordingly.