Joseph A. Cox, S.
In this proceeding to settle their account as trustees a construction has been requested with respect to a paragraph of the decedent’s will designated as “Part 2 (Fund B) It is alleged that through inadvertence of the typist three lines were omitted from the text of that paragraph which make the said paragraph ineffectual and at variance with the testator’s true intent.
A reading of the will discloses that the testator divided his residuary estate into two parts designated as “ Fund A ” and “ Fund B “ Fund A ” consisted of two thirds of his residuary estate and “ Fund B ” consisted of one third of his residuary estate. The income from “ Fund A ” is to be paid to the decedent’s wife during her lifetime or until remarriage. The income from “ Fund B ” is to he paid to the wife for life. Following the termination of her interests in said funds each fund is divided into three equal parts for the benefit of decedent’s three children. The language and provisions with respect to the trusts established for each child under ‘ ‘ Fund A ” is identical with the language and, provisions of the dispositions made under ‘ ‘ Fund B ’ ’ except with respect to the alleged inadvertent omission of the three lines from the trust created for the benefit of the testator’s daughter Marjorie Dorson under the paragraph designated as “ Part 2 (Fund B) ”.
Our courts have consistently held that where there is no ambiguity either patent or latent and the language of the will is clear there is no field open for construction of the will and no method available for supplying the omitted matter even though strong evidence of intent in other parts of the will is present (Dwight v. Fancher, 217 App. Div. 377; Tilden v. Green, 130 N. Y. 29; Dreyer v. Reisman, 202 N. Y. 476; Matter of Winburn, 265 N. Y. 366). However, our courts have also held that in seeking to determine the intent of the testator it may “ reject words and limitations, .supply them or interpose them to get at the correct meaning.” (Phillips v. Davies, 92 N. Y. 199, 204; Miller v. Gilbert, 144 N. Y. 68; Matter of Gallien, 247 N. Y. 195; Matter of Lytell, 178 Misc. 996; Matter of *947 Baylies, 155 Misc. 431.) In Page, Wills (vol. 2, § 937) the following language appears with respect to the power of the court in construction proceedings. “ This power may extend to construing a will as if words were inserted there, where it appears clearly on its face that such words were omitted solely by inadvertence, and are essential to the expression of testator’s manifest intention ”. In the case at bar the testator in the paragraph designated as “Part 2 (Fund A) ” provided that his daughter Marjorie receive the income of the trust until she should reach the age of 35 at which time one third of the principal was to be paid to her outright; that she should then continue to receive the income on the principal remaining in the fund until she shall have reached the age of 40, whereupon the trustees were directed to pay out one half of the principal of the fund to her. Thereafter, the trustees were to continue to pay to her income on the balance of the principal still remaining until she should reach the age of 45 at which time the balance thereof was to be paid to her outright. The paragraph designated as “ Part 2 (Fund B) ” provides in identical language for the payment of the income to the daughter until she reaches the age of 35 and the direction that she receive one third of the principal at that time and then goes on to say j ‘ the income on the principal remaining in said Part 2 shall be paid to my daughter until she shall have reached the age of forty (40) whereupon my trustees shall continue to pay her the income on the balance of the principal still remaining”. If there had been no intention on the part of the testator to make a distribution of part of the principal to his daughter when she reached the age of 40 but merely the intention that it be held in trust for her between the ages of 35 and 45 there would be no reason for any allusion in this paragraph to the age of 40. What is more, the use of the words ‘ ‘ whereupon my trustee shall continue to pay her the income on the balance of principal still remaining ” (emphasis added) make no sense if there are no principal funds to be paid out to her at the age of 40. An examination of the will has disclosed that the ninth, tenth and eleventh lines beginning with the word “shall” which appear in the trust set up for the testator’s daughter Marjorie in the paragraph designated as “ Part 2 (Fund A) ” have been left out of the provisions of the trust created for his daughter Marjorie in the paragraph designated as “ Part 2 (Fund B) ”. It is significant to note that the ninth line of the later paragraph also begins with the word “ shall ”.
In Matter of Baylies (supra) the court when faced with a similar state of facts ruled that an obvious or palpable error* *948 through inadvertence can be corrected if a clear testamentary plan can be ascertained from the will. To like effect in Matter of Menick (124 N. Y. S. 2d 573, 576) the court stated: “ Such determination corrects the obvious error, whether it be that of the scrivener or the testator and effectuates the testator’s intent. ’ ’
The testator’s general dispositive scheme is clearly discernible from a reading of the will and the court, therefore, adopts the construction sought by the petitioners (Matter of Selner, 261 App. Div. 618, affd. 287 N. Y. 664).
Submit decree on notice or consent settling the account and construing the will accordingly.