In the Matter of the Estate of Pearl Greene, Deceased. William F. Greene, Appellant; Vivian E. Schell, Respondent.

Third Department, January 26, 1966.

*Merchant, Waite & Waite* (*James G. Duffy* of counsel), for appellant.

*Rappaport & Kaman* (*Robert B. Kaman* of counsel), for respondent.

HERLIHY, J. The decedent made a holographic will as follows:

"May 29, 1963

" To whom it may concern: —

" Being of sane and sound mind, I do hereby bequeath all of my real and personal belongings, which include the furnishings in upstairs apartment at #4 Blanchard Ave, City of Binghamton, N Y to my daughter, Mrs. Elmer W. Oliver [Elinor]. She is also to have legal possession of my shares of Du Pont and General Motors stock. This is only if my other daughter, Vivian E. Schell should not survive me. If Vivian is living at the time of my death, she is to take possession of my belongings and dispose of them as she wishes. This is my only will and testament.

"MRS. PEARL GREENE

" Witnesses:

" Mrs. Rose Hoban
" John A Hoban "

The respondent Vivian survived her mother, as did her sister Elinor Oliver, who consented to the probate proceedings, but her brother, the appellant herein, alleged that the respondent was named merely as an executrix or that if the will were dispositive, the stocks mentioned therein passed in intestacy because they were not intended to be included within the meaning of the word " belongings ".

The Surrogate, after noting that the testatrix wrote her own will, found "that the decedent wished to leave everything to her daughter Vivian. The use of the word 'belongings' the second time without reference to the stock does not exclude the stock from a disposition under the will. It appears to this Court that the word 'belongings' is synonymous with 'possessions'."

To find otherwise might compel a ruling of intestacy not only to the questioned stocks but to the furniture. It could be argued that while the furniture was included as part of the "belongings" in the devise to Elinor it was not intended to be included as part of the "belongings" in the devise to Vivian and thus require disposition of the furniture in accordance with the rules of intestacy. This, in our opinion, was not the intent of the testatrix. The will being holographic or "hand made", a reading of it by the "average" person would be interpreted as intending to leave the entire estate to Vivian. It certainly would be read "to take possession of [all] my belongings" rather than the narrow and restricted meaning as proposed by the appellant son.

It is further suggested that the construction found by the Surrogate goes contrary to a rule that a child will not be disinherited unless this conclusion is compelled by the express provisions of the will but, in the present circumstances, a more compelling construction is that against intestacy and that the will should be construed according to the actual or presumed intent of the testatrix to dispose of her entire estate. (See *Matter of Hayes,* 263 N. Y. 219, 223, 224.)

There can be no doubt that the testatrix intended to dispose of all of her estate under the language of the will when referring to her daughter Vivian. It would be an unrealistic and strained interpretation thereof to find that the testatrix intended that as to Vivian, she is entitled only to part of what her sister would have taken and that the remainder would be distributed as if the mother had died intestate. (See *Matter of Fabbri,* 2 N Y 2d 236, 240; *Matter of Warren,* 13 A D 2d 269, revd. 11 N Y 2d 463; *Matter of Dammann,* 12 N Y 2d 500.)

The decree should be affirmed.

Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.

Decree affirmed, with costs to all parties filing briefs, payable out of the estate.