OPINION OF THE COURT
Eugene E. Peckham, S.
The residuary clause of the will of Eugenia Herceg, dated *202 December 2, 1999, which was admitted to probate on August 16, 2001, reads as follows: “All the rest, residue and remainder of the property which I may own at the time of my death, real and personal, and wheresoever the same may be situate.” There is no more. The name of the intended beneficiary of the residuary is missing. As a practical matter, the residuary clause amounts to only 10% of the estate, since the will made preresiduary bequests of 90% of the net estate.
Colomba Pastorino, as executrix of the will, has petitioned for construction of the will by reading the residuary clause to be the same as decedent’s prior will dated June 18, 1997. The residuary clause of the 1997 will provided:
“All the rest, residue and remainder of the property which I may own at the time of my death, real and personal, and wheresoever the same may be situate * * * I give, devise and bequeath to my nephew, Sergio Pastorino, per stirpes. In the event that my nephew, Sergio Pastorino, does not survive me, his share shall go to his wife, Colomba Pastorino.”
In fact, Sergio Pastorino died on November 25, 2000, without issue and Eugenia Herceg died on November 30, 2000. The persons who would take the decedent’s estate in intestacy are a niece, Josephine D’Angelo, and a great nephew, Sergio Rossello. Josephine D’Angelo has filed a consent to the relief requested in the petition for construction. Sergio Rossello defaulted in appearing on the return day of the proceeding.
Daniel Gorman, the attorney-draftsperson of the will, has filed an affidavit stating that when the 1997 will was redrafted in 1999, using computer software “some lines from the residuary clause were accidentally deleted.”
Obviously a mistake has been made. The question presented is whether the mistake can be corrected. For the reasons set forth below, we hold that the testator intended the residuary beneficiary to be Colomba Pastorino, wife of decedent’s nephew, and that her name should be inserted into the will.
The difficulty in this case is that there is a line of cases holding that where the name of the beneficiary is missing it cannot be supplied by construction or reformation of the will. (Brown v Quintard, 177 NY 75 [1903]; Reynolds v Reynolds, 224 NY 429 [1918]; Matter of Kronen, 67 NY2d 587 [1986]; Estate of Sonnenberg, NYLJ, May 21, 1998, at 32, col 1.) In other words, the court cannot supply missing names to correct a mistake, whether of the draftsperson of the will or the testator.
*203 There is also another line of cases that hold that extrinsic evidence cannot be admitted unless there is an ambiguity in the will. (Matter of Ragone, 58 NY2d 864 [1983]; Matter of Cord, 58 NY2d 539 [1983]; Matter of Jones, 38 NY2d 189 [1975].) If extrinsic evidence is not admitted, the prior wills of testatrix cannot be considered, nor the affidavit of the attorneydraftsperson.
Of course, the paramount objective in interpreting a will is to determine the intention of the testator from a reading of the whole will. (Matter of Gustafson, 74 NY2d 448 [1989]; Matter of Larkin, 9 NY2d 88 [1961]; Matter of Fabbri, 2 NY2d 236 [1957].) Furthermore, the testator is presumed to intend to avoid intestacy otherwise he or she would not have bothered to make a will. (Matter of Bieley, 91 NY2d 520 [1998]; Matter of Fabbri, supra.) Even more “The presumption against intestacy is particularly weighty where the subject of the gift is the residuary estate.” (Matter of Bieley, supra at 525.) The Bieley Court then quotes Matter of Hayes (263 NY 219, 225, rearg denied 264 NY 459) and says: “The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual, in the history of testamentary dispositions, as to justify almost any construction to escape from it.”
Thus we have a conflict between two long-standing policies of the law of wills. On the one hand the court is not supposed to supply what the testator has not, through extrinsic evidence or otherwise. On the other hand, the primary objective is to ascertain the intention of the testator in order to avoid intestacy. If we follow the first line of precedent, the fact that no one is named in the residuary clause of Eugenia Herceg’s will would mean no residuary beneficiary exists and the residue passes by intestacy to her heirs at law. The second line of precedent would lead to the conclusion that anything possible should be done to avoid intestacy and carry out the testator’s intent which would mean considering the extrinsic evidence pointing to Colomba Pastorino as the intended residuary beneficiary after the death of her husband, Sergio Pastorino.
As is often the case, Chief Judge Cardozo indicated the path to follow when he said:
“One principle or precedent, pushed to the limit of its logic, may point to one conclusion; another principle or precedent, followed with like logic, may point with equal certainty to another. In this conflict, we must choose between the two paths, selecting one or other, or perhaps striking out upon a third, *204 which will be the resultant of the two forces in combination, or will represent the mean between extremes.” (Cardozo, The Nature of the Judicial Process, at 40-41.)
Actually, the law has started to move away from the rigid rule of the Brown v Quintard line of cases and toward the principle of considering all available evidence, including any available extrinsic evidence, to effectuate the intent of the testator.
Restatement (Third) of Property (Tentative Draft No. 1 [Donative Transfers]) § 12.1 provides: “A donative document, thought unambiguous, may be reformed to conform the text to the donor’s intention if the following are established by clear and convincing evidence: (1) that a mistake of fact or law, whether in expression or inducement, affected specific terms of the document; and (2) what the donor’s intention was.”
“There would be no restriction as to the kind of evidence that could be considered for this purpose; the oral statements of the testator and the attorney who drafted the instrument would be admissible. The theory of this approach is that the testator’s intention is better served and unjust enrichment of unintended legatees prevented, while the fraud-preventing purpose of the Statute of Wills is accomplished by requiring clear and convincing proof of the necessary elements.” (Gibbs & Ordover, Correcting Mistakes in Wills & Trusts, NYLJ, Aug. 6, 1998, at 3, col 1, at 4, col 6.)
Thus the Restatement provides for considering any evidence of testator’s intent, but raising the standard of proof from a preponderance of the evidence to clear and convincing evidence.
In actuality, the New York courts have already moved in this direction. In Matter of Snide (52 NY2d 193 [1981]) the decedent and his wife each signed the other’s will. The Court of Appeals held that the decedent’s will should be admitted to probate with the mistake corrected by reading both wills together and substituting the wife’s name into the decedent’s will wherever necessary, as if the decedent had signed the correct will.
Other cases have held that language missing from a will due to typographical or other error can be supplied to carry out the testator’s intent. (Matter of Dorson, 22 Misc 2d 945 [Sur Ct, NY County 1959]; In re Weitling’s Will, 214 NYS2d 203 [Sur Ct, Queens County 1961]; Matter of Hahn, NYLJ, Nov. 7, 1997, at 32, col 1 [Sur Ct, Nassau County].) In Hahn, the court stated “It is well established that when errors in draftsmanship have *205 occurred, courts may add, excise, modify or transpose language or provisions of the instrument to harmonize it with and to effectuate the testator’s intent.” (Accord, Matter of Martin, 146 Misc 2d 144 [Sur Ct, NY County 1989]; Matter of Lepore, 128 Misc 2d 250 [Sur Ct, Kangs County 1985].)
Similarly, a number of cases have held that where the name of the beneficiary is wrong and extrinsic evidence establishes who was really intended to be the beneficiary, the court will order the correction. In Matter of Tracey (NYLJ, Mar. 11, 1996, at 33, col 1 [Sur Ct, Suffolk County]), the attorney-draftsperson submitted an affirmation that through scrivener’s error the name of decedent’s sister-in-law, Adelaide Berard, was included in the will and not that of the intended beneficiary, the decedent’s niece, Adelaide Battipede. The court construed the will accordingly. Likewise, in Matter of Righi (NYLJ, July 22, 1996, at 29, col 3 [Sur Ct, Suffolk County]), a bequest to a sister, Anne Cavanagh, was substituted for the beneficiary actually named in the will, a niece, Catherine Cavanagh. (Accord, Matter of Migden, NYLJ, May 23, 1995, at 27, col 4 [Sur Ct, Bronx County].)
It is a significant step beyond the cases just cited to say that not only can omitted language be added and the name of a beneficiary be corrected, but also that the name left out of the will can be added to the provisions of the will. Nevertheless, it seems logical to this court to choose the path of considering all available evidence as recommended by the Restatement in order to achieve the dominant purpose of carrying out the intention of the testator.
In this case, the court is persuaded that the evidence is clear and convincing that Colomba Pastorino is the intended beneficiary of the residuary of the estate of Eugenia Herceg. As stated above, the previous 1997 will provides for the residuary to pass to decedent’s nephew, Sergio Pastorino, if he survives me, and if not to his wife, Colomba Pastorino. Additionally, two other prior wills dated October 1, 1992 and August 6, 1990 contain an identical residuary clause. This supports the contention of the petition that the identical residuary clause was intended to be included in the 1999 will admitted to probate.
Equally convincing is the fact that Colomba Pastorino was named the alternate executrix in the will admitted to probate in the event of the death of her husband. The testatrix had sufficient confidence in Colomba to name her as executrix in the event, which actually happened, of her husband, Sergio, predeceasing the testatrix. This demonstrates that Colomba *206 had not fallen out of favor with the testatrix and been deliberately removed from the residuary. The consent by Josephine D’Angelo, the niece of the testatrix, and one of the persons who would take in intestacy confirms this saying “I acknowledge that the omission of the name of the residuary was a typographical error, and my aunt continued to have Sergio Pastorino, or his wife, Colomba Pastorino, if he was deceased, as the residuary beneficiary.” Further confirmation comes from the attorney-draftsperson’s affidavit which states “Mrs. Herceg’s express intention was to continue the remainder of her property distribution as it was in the previous will.”
This conclusion is buttressed by the presumption against intestacy as set forth in Bieley and Hayes. Mrs. Herceg disposed of 90% of her estate in various percentage bequests. As the Court of Appeals said in Matter of Hayes (supra), almost any construction is justified to avoid the unusual result of the testatrix dying intestate as to the 10% of her estate remaining for the residuary. It is equally illogical to think the attorneydr aftsperson put into the will the standard language for a residuary disposition and then deliberately left out the name of the beneficiary. Rather, what makes sense is to construe the will to add the missing provision by inserting the names of the residuary beneficiaries from the prior will. (Matter of Dorson, supra; Matter of Hahn, supra.)
Accordingly, the residuary clause, paragraph Eighth, of the will of Eugenia Herceg is construed to insert the name of Colomba Pastorino as the beneficiary (her husband, Sergio Pastorino, having predeceased).