HARVEY A. DWIGHT and Another, Appellants, *v.* BERTRAM H. FANCHER and Another, as Executors, etc., of EMILY A. WATSON. Deceased, Defendants, Impleaded with UNITED STATES TRUST COMPANY OF NEW YORK and Others, Respondents.

WILLIAM L. VISSCHER, as Guardian ad Litem for JOHN DOE and Others, Appellant.

Third Department, July 2, 1926.

Wills — construction — testatrix devised property in trust to children of one cousin and grandchildren of another " surviving at the time of my death "— one of children of cousin predeceased testatrix — attorney who drew will and four previous wills and was attesting witness was competent to testify on behalf of plaintiffs — contents of prior wills admissible on question of intent — children of said deceased child did not take his share — will is unambiguous and "children" will not be construed to mean issue.

The testatrix by her will devised certain property in trust for the benefit of the children of one cousin and the grandchildren of another " surviving at the time of my death " with direction that upon the death of any beneficiary the principal of the fund should be paid over to his or her issue *per stirpes*. The plaintiffs are the children of one of the beneficiaries who predeceased the testatrix.

The attorney who drew the will and was the attesting witness and who had drawn four prior wills, was competent as a witness on behalf of the plaintiffs, for when the testatrix requested him to become a witness to the will she waived the privilege and the confidential relationship.

The contents of the prior wills was admissible as bearing upon the intent of the testatrix on the question whether or not the word " children " of the one cousin was intended to mean the issue of that cousin.

The will is unambiguous and distinctly states that the trust is for the benefit of the children of a cousin " surviving at the time of my death " and it will not be construed to mean that the testatrix intended that the beneficiaries of the trust were to be the issue of the cousin which would include the plaintiffs in this action, and this is true, notwithstanding the endeavor to show that the testatrix intended to divide her property among the families represented by the children and grand-children of the respective cousins.

APPEAL by the plaintiffs, Harvey A. Dwight and another, and by William L. Visscher, as guardian *ad litem*, from a judgment of the Supreme Court in favor of certain defendants, entered in the office of the clerk of the county of Albany on the 21st day of December, 1925, upon the decision of the court rendered after a trial before the court without a jury at the Albany Trial Term.

*J. Harris Loucks*, for the plaintiffs; *William L. Visscher*, guardian *ad litem* for infant defendants [*Lewis E. Carr* of counsel], for the appellants.

*Stewart & Shearer* [*W. A. W. Stewart* and *A. E. Chambers* of counsel], for the respondent United States Trust Company of New York.

*J. Noble Hayes*, for the respondents Pauline Andree de la Mettrie and others.

*John A. Stephens*, for the respondents Jeane V. Dwight and others.

*Coudert Brothers* [*Howard Thayer Kingsbury* of counsel], for the respondents Victoire Louise Niel and another.

*Charles F. McGovern*, for the respondent Edgar D. Cantwell, guardian *ad litem*, etc.

VAN KIRK, J. The action is brought for construction of the will of Emily A. Watson. The controversy arises from the tenth, the residuary, clause of the will, which is:

" *Tenth.* All the rest, residue and remainder of my property, both real and personal, of whatever kind or nature and wherever situate, as well that which I may hereafter acquire as that which I now possess, I give, devise and bequeath to the United States Trust Company of New York, in trust, however, to divide the same into as many shares or portions as there may be children of my cousin, Harvey A. Dwight, and grandchildren of my cousin, George W. Pratt, surviving at the time of my death, and to invest and keep invested one such share or portion for the benefit of each child of my said cousin, Harvey A. Dwight, and each grandchild of my said cousin, George W. Pratt, then surviving, and to pay over the income and profits therefrom to the child or grandchild for whose benefit such fund is so held, during his or her natural

life, and upon his or her death to pay over and deliver the principal of the fund with all accumulated income to his or her issue, *per stirpes*, and in default of such issue, I direct that the same be divided equally between said surviving children and grandchildren, and the issue of any who may have died, *per stirpes.*"

Henry W. Simpson was called as a witness for plaintiffs. He drew the present will and had drawn four previous wills for this testatrix. He was a witness to each of the wills. He was allowed to testify that he had seen the four previous wills; three drawn before 1910 and two thereafter; that the residuary clause in each of these wills was identical. Defendants moved to strike out this testimony and it was stricken out, but it is printed in the record. We think that Mr. Simpson was a competent witness. When the testatrix requested him to become a witness to the will, she waived the privilege and the confidential relation; also that the contents of the prior wills was admissible as bearing upon the intent of the testatrix. (*Matter of Miner*, 146 N. Y. 121.) We may, therefore, consider his testimony as being in the case. When three of the prior wills were made Harvey L. Dwight was living. He was one of the children of Harvey A. Dwight. The plaintiffs are the children of Harvey L. Dwight, the grandchildren of Harvey A. The defendants have succeeded in their contention that, since Harvey L. did not survive the testatrix, his issue took no share in the estate.

The strongest argument for plaintiffs seems to be that, if the testatrix had died after making the 1907 will and before 1910, when Harvey L. Dwight died, a share would have been set aside for Harvey L. and at his death his issue would have taken that share; no question would then have arisen as to the intent of the testatrix in this respect; she made the succeeding wills, including the one in question here, made in 1915, supposing that Harvey L. was living and her intent remains the same; when she made this will and when she died she intended and believed Harvey L. Dwight was one of her legatees; after he died in 1910 no change was made in the wording of the residuary clause; the same conclusion is reached when the other provisions of this will are read; she throughout her will planned to give by families and left generally her bequests to be distributed *per stirpes;* she intended to give largely to the descendants of the men who had been copartners with her father in the business in which he was engaged when the foundation of his fortune was laid; she did not think or intend that any part of either family should be excluded; when she died she intended that Harvey L. and his issue would take a share and she supposed she had carried out this intent.

The condition then would be this: She intended to give and sup-

posed she had given a share to Harvey L. and his issue, but she has used words unambiguous and plain in meaning which absolutely exclude him and them. The explanation of this, made by plaintiffs, is that she supposed Harvey L. was living when in fact he was dead. The question then is, can the court aid the testatrix to dispose of her property as she had the absolute right to do, as it is contended she intended to do and supposed she had done, when in fact she has done quite the contrary? The answer that would be made to this question by plaintiffs is, yes, because to aid her is not to make a new will; it is simply to carry out her intent; that to enforce the exact language used is to defeat absolutely her intent, and it is intent, not words, which control; a paper which does not express the wish and intent of the would-be testatrix is not her will; her words of gift in the tenth clause are not the offspring of her intent, but of her error; the court can hold that by " children of " she meant " issue of " Harvey L. Dwight.

But serious difficulty obstructs the approach to this conclusion. There is in this tenth clause no ambiguity. Her use of the words " child," " children," " grandchildren " and " issue " in the will, paragraphs second to eighth inclusive, indicate a clear understanding of the meaning and effect of each of these words. The expressions " surviving at the time of my death " and " then surviving " are self-explanatory. No mistaken use of the words and expressions is shown and each has a well-understood meaning. These wordings used by her do not permit the inclusion of Harvey L. or his issue as legatees. Words and expressions used by a testator must be given their ordinary meaning, unless there can be found in the will, or there is presented in the evidence, something to show that the testator used words or expressions with a broader or different meaning. Where the language used in the will has a clear meaning it must be accepted as disclosing the intent and this intent should be upheld if consistent with the rules of law. The court should not construe a will contrary to the ordinary meaning of the language used, upon conjecture as to intent, or upon suspicion that the testator did not understand the expressions used. Where there is no ambiguity, either patent or latent, there is no field open for construction of the will. (*Tilden* v. *Green*, 130 N. Y. 29; 40 Cyc. 1402; *Van Nostrand* v. *Moore*, 52 N. Y. 12, 18.) We cannot conjecture that the testatrix did not intend to give as she in clear language expressed her will. That she intended Harvey L. Dwight to be one of her legatees and believed he was is founded upon conjecture or inference; that she did not change her will after his death does not require this inference. It appears that she had little acquaintance with the Dwight family; while she knew Harvey

A. Dwight had children it does not appear that she ever knew he had a son Harvey L. He is nowhere named in the will. Her gift to members of the family was not, so far as we know, induced by any special regard for, or acquaintance with, the descendants of Harvey A. Dwight; she had not an intent to benefit individual children, but to make return in some way in response to her sentiment or feelings. She made no effort to learn which of the children of Harvey A. Dwight were living and which, if any, were dead. She apparently was content to satisfy her feeling by giving to the living children only, making no provision for issue of deceased children. In other paragraphs of her will she provided for the issue of a legatee in case he should predecease her. The conclusion we reach is that the testatrix did not make the will for which plaintiffs contend and the court cannot make it.

The argument as to punctuation, or the claim that the expressions " surviving at the time of my death " and " then surviving " modify or refer to the grandchildren of George W. Pratt only, is too strained and unnatural to merit approval.

Either with or without the testimony of Mr. Simpson the construction asked for by plaintiffs cannot be given to the will. Whether or not the court erred in striking out parts of his testimony, the ruling was not prejudicial.

The judgment should be affirmed.

Judgment unanimously affirmed, without costs.