In the Matter of the Petition of VERONICA C. FORD to Prove the Last Will and Testament of THOMAS FORD, Late of the County of Kings, Deceased.

Surrogate's Court, Kings County, January 4, 1930.

*Mary G. Potter*, for the petitioner.

*Craig & Craig*, for certain contestants.

*Raymond J. Kelly*, for the contestant Eleanor Pergolie.

WINGATE, S. This is a petition for probate of a will of decedent bearing date December 23, 1914. Such probate is contested on the ground that in the spring of 1925 the decedent executed another will, which, in terms, revoked all former wills. The testimony respecting such later will was adduced from the attorney who drew, and the stenographer who transcribed, it, both of whom were subscribing witnesses. Their testimony further indicated that such subsequent will was delivered to the decedent in the fall of 1925. It was not found after his death.

It is fundamental that where a will is shown to have been in the possession of a testator having testamentary capacity and it is not found after his death, a strong presumption arises that it was destroyed by the testator *animo revocandi*. (*Matter of Staiger*, 243

N. Y. 468; *Matter of Kennedy*, 167 id. 163, 168; *Matter of Bennett*, 166 App. Div. 637; *Matter of Sharp*, 134 Misc. 405; *Matter of Kiltz*, 125 id. 475; *Matter of Vogelsang*, 133 id. 395; *Matter of Ascheim*, 75 id. 434.)

If, therefore, this later will was properly shown to have come into existence, it revoked the former will and the latter must be denied probate. The sole question presented is whether the execution and contents of this later presumably revoked will could properly be proved by the testimony of the attorney and stenographer by whom it was prepared and who witnessed it.

The court would have considered this question irrevocably determined in the affirmative but for the earnest contention of the proponent to the contrary. This position is based upon the wording of sections 353 and 354 of the Civil Practice Act and certain language in *Mead* v. *Cavanagh* (161 App. Div. 177), decided by the Appellate Division, Third Department, on March 4, 1914.

Section 353 of the Civil Practice Act was taken over unchanged from section 835 of the Code of Civil Procedure, as amended by chapter 564 of the Laws of 1896, the amendment merely extending the prohibition to the employees of the attorney. Section 354 was derived from section 836 of the Code which had been a matter of gradual growth, starting with chapter 416 of the Laws of 1877 and reaching its present form in chapter 331 of the Laws of 1904. The pertinent clause in this case was added by chapter 514 of the Laws of 1892 as follows: ". But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto."

The proper construction of this enactment can be determined only by reference to the judicial history of this question. The propriety of testimony by an attorney who drew and witnessed a will was first passed upon by the Court of Appeals in 1888 in *Matter of Coleman* (111 N. Y. 220). This was a contested probate, and the competency as a witness of the attorney who drew the will and was a subscribing witness was at issue. The court in holding his testimony admissible, said (at p. 228): "*The act of the testator, in requesting his attorneys to become witnesses to his will, leaves no doubt as to his intention thereby to exempt them from the operation of the statute*, and leave them free to perform the duties of the office assigned them, *unrestrained by any objection which he had power to remove*." (Italics mine.)

It is apparent that the change subsequently enacted in section 836 of the Code by the Laws of 1892 left the law unchanged in this

respect, being merely declaratory of the rule enunciated in *Matter of Coleman*. This was expressly noted in *Matter of Cunnion* (201 N. Y. 123, 132), the court, after quoting the foregoing language from the *Coleman* case, further stating (p. 132): " This court has never modified or changed the letter or spirit of the last two decisions from which we have quoted." (See, also, *Matter of Austin*, 42 Hun, 516, 518; appeal dismissed, 121 N. Y. 664.)

This rule has been applied in three cases involving identical facts with those existing in the instant case. (*Matter of Wear*, 131 App. Div. 875, 876, decided by the Appellate Division, Second Department, in 1909; *Matter of Barnes*, 70 id. 523, 527, 528, decided by the Appellate Division, Fourth Department, in 1902, and *Matter of Williams*, 121 Misc. 243, decided by the surrogate of Oneida county in 1923.) The tendency in the First Department seems to be in the direction of even greater liberality. (See *Schattman* v. *American Credit Indemnity Co.*, 34 App. Div. 392, 397, 398; *Matter of Austin, supra.*)

The same rule has been applied in permitting a subscribing attorney to testify to acts, declarations and directions of a testator where they were relevant in proceedings for the construction of the will in question. (*Dwight* v. *Fancher*, 217 App. Div. 377, 379; affd., 245 N. Y. 71; *Matter of Coughlin*, 171 App. Div. 662, 665; affd., 220 N. Y. 681; *Matter of Lamb*, 21 Civ. Proc. 324.)

There remains for analysis the decision of the Appellate Division in *Mead* v. *Cavanagh* (161 App. Div. 177) on which the proponent places his chief reliance. It is perfectly true that the court says (at p. 179): " There seems to be substantial reason for saying that the witness was incompetent to testify to the execution of the paper or to statements made by the alleged testatrix at the time of its execution. If the testatrix waived the seal of confidence by requesting the attorney to witness her will, she annulled such waiver by revoking the will."

In order to determine the weight to be attributed to this statement, we must examine the facts and determination of the case. It was a proceeding to recover for services performed for decedent in reliance upon a promise to recompense by will. On March 1, 1910, testatrix made a will giving such payment. On February 16, 1911, she revoked this will, making a different disposition of her property. Declarations by testatrix to the attorney who drew the earlier will were admitted in evidence on his examination for the purpose of showing her acknowledgment of the arrangement and recovery was allowed the claimant. The Appellate Division affirmed the result, stating that the evidence of the attorney was merely cumulative. It, therefore, appears that the language upon

which the instant proponent bases his position was mere *obiter dictum* not binding even on the court which uttered it.

That mature deliberation convinced the Appellate Division for the Third Department of the unsoundness of this *dictum* is evidenced by its language in *Dwight* v. *Fancher* (217 App. Div. 377), decided in 1926, where it upheld the admissibility of testimony by a subscribing attorney respecting the contents of four previous revoked wills drawn and witnessed by him, as bearing on a question of construction, saying (at p. 379): " When the testatrix requested him to become a witness to the will, she waived the privilege and the confidential relation."

It must be apparent, therefore, that the authoritative rule is indicated by the italicized portions of the extract quoted from the opinion in *Matter* of *Coleman* (*supra*), to the effect that when a testator procures the attestation of his will by his attorney, he waives in every respect the provisions of section 353 of the Civil Practice Act, so far as concerns anything connected with such will, with like effect as if the attorney were a layman.

The testimony in the instant case being, therefore, admissible, it follows that the will of December 23, 1914, was revoked by the will of 1925 (Dec. Est. Law, § 34), and that the destruction of the subsequent will did not revive it. (Dec. Est. Law, § 41; *Matter of Stickney*, 161 N. Y. 42, 45, 46.)

Probate of the will of December 23, 1914, is, therefore, denied. Settle decree, on notice, accordingly.