S. Samuel Di Falco, S.
The executors and the Billy Bose Foundation, Inc., named as respondents in a proceeding brought to construe the decedent’s will, have moved for an order summarily dismissing the construction proceeding adjudging that the gifts to the Billy Bose Foundation, Inc. are valid and that the distributees have no interest in the estate beyond the provisions made for them in the decedent’s will. The separate motions by these respondents are supported by the same affidavits and documents and will therefore be treated as one motion.
The paragraphs of the will which contain the seeds of the controversy are paragraphs Seventh and Eighth thereof. In paragraph Seventh the decedent bequeathed his entire residuary estate to the Billy Bose Foundation, Inc. for religious, charitable and educational purposes. In paragraph Eighth the decedent'provided as follows: “eighth: In the event that for any reason the gifts, devices and bequests to the said billy bose foundation, inc. provided for in this, my Will, are not permitted as deductions from my estate for estate tax *577 purposes pursuant to the laws of the United States, then the gifts, devises and bequests herein provided for said billy rose foundation, inc. shall be cancelled, and gifts, devises and bequests shall be distributed by my executors and/or trustees in such amounts and among such corporations organized and. operated for non-profit and exclusively religious, charitable or educational purposes as my said executors and/or trustees, in their discretion, may determine, provided, however, that no part of my estate or the principal of any of the trusts herein created shall be distributed to any corporation unless distributions to such corporations are permitted as deductions from my estate for estate tax purposes pursuant to the laws of the United States. In selecting such religious, charitable or educational corporations, I urge upon my executors and/or trustees the selection of those primarily engaged in the assistance, nurture or education of underprivileged children.”
The petitioner who unsuccessfully contested the probate of the will (N. Y. L. J., Oct. 21,1966, p. 17, col. 5 [Cox, S.]) is the decedent’s sister and one of his two distributees. The stakes are large and commensurate therewith the petitioner has mounted a vigorous and many pronged attack upon the will. It is alleged (1) that the gift to charity made in paragraph Seventh of the will is invalid in that it calls for the satisfaction of an impossible condition and violates the rule against perpetuities; (2) that the alternative gifts provided for in paragraph Eighth are void as against public policy as they require the executors to obtain a ruling in advance from the Department of Internal Revenue as to the tax-exempt status of the donees to be selected as alternates in the event the gift to the Billy Rose Foundation, Inc. fails because it does not qualify as a tax-exempt charity; (3) that the gifts to charities made by this decedent are invalid because the dominant plan of the will is to avoid payment of any substantial estate tax; (4) that the gift to the Billy Rose Foundation, Inc. is invalid to the extent that it exceeds the sum of $20,000,000 by reason of the provisions of section 15 of the General Corporation Law.
A motion for summary judgment in a pending construction proceeding is rather an unusual procedure. For the purpose of such a motion the court need only décide whether the petitioner has such a real financial interest in the determination of the issues as would qualify her to bring the proceeding (Matter of James, 119 N. Y. S. 2d 259) and if the answer to that question is in the affirmative whether issues of fact have been raised which require a hearing. Nevertheless in order to provide the parties with the opportunity of a complete appellate *578 review the issues raised both on these motions and in the main construction proceeding will be here and now disposed of.
The petitioner in this proceeding is undoubtedly a ‘ ‘ person interested ” as defined in section 314 of the Surrogate’s Court Act. She qualifies as such on two counts, being both a legatee and a distributee (Surrogate’s Ct. Act, § 314, subds. 10, 11). Under section 145 of the Surrogate’s Court Act “ any person interested in obtaining a determination ’ ’ may bring a proceeding for construction of the will. Although our courts have interpreted this to mean that the person bringing the proceeding must have a real financial interest in the outcome derived from the terms of the will or from the operation of principles of law in opposition to the will (Matter of Hayden, 199 Misc. 721; Matter of Gardiner, 154 Misc. 413; Matter of Mount, 185 N. Y. 162), it does not mean that only a person who may ultimately be successful can initiate the proceeding (Matter of James, supra; Monypeny v. Monypeny, 202 N. Y. 90). In the case at bar the petitioner is a distributee and if intestacy should result because of the alleged invalidity of the provisions of the will, her financial interest in the outcome cannot be disputed.
The petitioner presses strongly for a hearing to determine both the decedent’s domicile at the time of his death and the exact size of the decedent’s estate. No hearing as to these issues is required. The petitioner in her petition to construe the decedent’s will alleged that the decedent at the time of his death was a resident of the City and State of New York. The executors for the purposes of this proceeding have conceded that the decedent was a resident of the State of New York and that the law of New York State should govern. There is, therefore, no issue before the court as to the decedent’s domicile. The executors also concede that the estate is substantially in excess of $20,000,000, the alleged limitation under section 15 of the General Corporation Law and it is, therefore, unimportant at this time to ascertain how much in excess of $20,000,000 there is in this estate. If the provisions of section 15 of the General Corporation Law are applicable and intestacy results with respect to the excess over $20,000,000, the amount of such excess can best be determined in the executors’ accounting proceeding.
Proceeding to the issues raised by the petitioner the court finds that there is little validity to the petitioner’s contention that the decedent’s gift of his residuary estate to charity contained in paragraph Seventh of his will calls for the satisfaction of an impossible condition and violates the statute against
*579 perpetuities. The gift of the decedent’s residuary estate to the Billy Rose Foundation, Inc., set forth in paragraph Seventh of his will, is made in clear and unambiguous language. In fact the testator’s intent to bequeath all the trust remainders and his entire residuary estate for religious, charitable and educational purposes is plainly evidenced. There is no need to resort to parol evidence as to the testator’s ‘ ‘ true intent ’ ’ as claimed by the petitioner and such evidence, if offered, would be inadmissible. As the court stated in Dwight v. Fancher (217 App. Div. 377, 380): “ Where the language used in the will has a clear meaning it must be accepted as disclosing the intent and this intent should be upheld if consistent with the rules of law. The court should not construe a will contrary to the ordinary meaning of the language used, upon conjecture as to intent, or upon suspicion that the testator did not understand the expressions used. Where there is no ambiguity, either patent or latent, there is no field open for construction of the will.” (See, also, Tilden v. Green, 130 N. Y. 29; Van Nostrand v. Moore, 52 N. Y. 12; Matter of Dorson, 22 Misc 2d 945.) The alleged contention that the conditions imposed by the testator are not susceptible of satisfaction within the period limited by the rule against perpetuities requires little comment. Delays in vesting occasioned by or conditioned upon the determination of questions relating to estate tax fall precisely within the purview of subdivision 4 of section 11-b of the Personal Property Law which is a codification of the common law (Hope v. Brewer, 136 N. Y. 126; Matter of Adler, 193 Mise. 19; Maynard v. Farmers Loan & Trust Co., 119 Mise. 503, affd. 208 App. Div. 112, affd. 238 N. Y. 592; Matter of Alexander, 27 A D 2d 710).
Under paragraph Eighth the testator provided for the cancellation of all his gifts to the Billy Rose Foundation, Inc., in the event that the gifts to that foundation were not deductible for estate tax purposes. That provision would defeat the gifts only if such were the fact on the date of the testator’s death or at the time of distribution and in that event the alternate provisions of paragraph Eighth would become operative. The possibility of a future divestiture of the gift because the foundation might at sometime in the future lose its tax-exempt status can have no bearing on the present validity of the gifts.
The argument that it is impossible for the executors or trustees under the provisions of paragraph Eighth to select in advance corporate charitable donees that will meet the tax-deductible test is likewise without merit. There are innumer *580 able charitable organizations now in existence that meet the test and if present trends continue many more of such organizations will come into being in the foreseeable future. (Matter of Heit, 26 Misc 2d 774; Matter of Robinson, 203 N. Y. 380; Kernochan v. Farmers’ Loan & Trust Co., 187 App. Div. 668, affd. 227 N. Y. 658.) The fact that the decedent during his lifetime was not truly charitable or that his primary concern was to avoid the payment of taxes can be of no concern to either this court or to the petitioner. His last word on the subject is contained in the ambulatory document which became effective upon his death. It requires no interpretation and is binding upon the court (Dwight v. Fancher, 217 App. Div. 377, supra).
The cases cited by the petitioner, Commissioner of Internal Revenue v. Procter (142 F. 2d 824, cert. den. 323 U. S. 756) and United States, v. Taylor (254 F. Supp. 752), are not in point. There is a vast difference between legal tax avoidance and attempted tax evasion. The testator could and did make valid tax-exempt charitable bequests and the legislative intent to encourage such gifts has been clearly expressed and supported by our courts (Commissioner of Internal Revenue v. Upjohn’s Estate, 124 F. 2d 73; Edwards v. Slocum, 264 U. S. 61; Arthur Jordan Foundation v. Commissioner of Internal Revenue, 210 F. 2d 885). In these days of high taxation the testator’s concern with the payment of taxes and his attempt by legal means to avoid their full impact is readily understandable.
Among the exhibits attached to the moving papers is a Xerox copy of a letter dated July 27, 1961 from the Acting District Director of Internal Revenue which clearly evidences that the Billy Rose Foundation, Inc., is an exempt charitable foundation and that contributions, bequests, legacies and devises to the foundation are deductible for Federal, estate and gift tax purposes. This ruling by the United States Treasury Department, in effect, renders academic all discussion of the validity of the alternative dispositive provisions contained in paragraph Eighth because they need not be resorted to and may never become effective (Matter of Mount, 185 N. Y. 162; Horton v. Cantwell, 108 N. Y. 255).
The sole issue remaining for disposition is whether the provisions of section 15 of the General Corporation Law limit the value of property that a corporation other than a stock corpration may take or hold to $20,000,000 or to property the yearly income from which shall be $2,000,000 or less. The statute in question is titled and reads as follows: 1 ‘ Enlarge *581 ment of limitations upon the amount of the property of non-stock corporations. If any general or special law heretofore passed, or any certificate of incorporation, shall limit the amount of property a corporation other than a stock corporation may take or hold, such corporation may take and hold property of the value of twenty million dollars or less, or the yearly income derived from which shall be two million dollars or less, notwithstanding any such limitations. In computing the value of such property, no increase in value arising otherwise than from improvements made thereon shall be taken into account.”
It is the petitioner’s contention that the section imposes a limitation upon the amount of property which may be taken and held by the Billy Bose Foundation, Inc. and that the bequest to it insofar as it exceeds the amount of $20,000,000 is invalid and will pass to the decedent’s distributees as intestate property.
The court disagrees with both conclusions drawn by the petitioner. The provisions of section 15 of the General Corporation Law created no invalidity as to any part of the bequest and if such invalidity was caused by the provisions of the section intestacy would not result.
Section 15 of the General Corporation Law applies to non-stock corporations which were formed at a time when there were general or special laws in effect which limited the amount of property which such corporations could take or hold. The section is intended to enlarge the limitations placed upon such corporations by either its own certificate of incorporation or by general or special laws in effect at the time they were formed. (1 White, Corporations [12th ed.], p. 383.)
When the Billy Bose Foundation, Inc. was formed in 1958 there was no special or general law in effect which limited the amount of property which such a corporation could take or hold nor is there anything contained in the certificate of incorporation of the Billy Bose Foundation, Inc. which places any limitation upon the amount of property which the corporation may take or hold. Assuming for the sake of this discussion that the gift to the foundation is invalid to the extent that it exceeds the maximum permitted under section 15 of the General Corporation Law, there would still be no intestacy as to the excess. The will specificaHy states that if any part of the fund bequeathed to the foundation did not qualify for a tax deduction as a charitable gift, it was to be distributed to other charitable donees selected by the executors pursuant to the provisions of paragraph Eighth of the decedent’s will. *582 The excess fund falls within the terms of this provision and if for any reason the executors or trustees failed or were unable to select proper charitable donees of the excess fund, the court, because of the strongly expressed charitable intent of the testator, would be required to exercise its inherent cy pres power to dispose of the fund (Matter of Scott, 8 N Y 2d 419 ; Amherst Coll. v. Ritch, 151 N. Y. 282; Personal Property Law, § 12; Real Property Law, § 113).
Under no foreseeable circumstances can there be intestacy as to any part of this decedent’s estate.
Despite the petitioner’s constant reiteration of the charge that the testator’s attempt to insure the tax deductibility of his charitable gifts is against public policy, this court finds nothing either in the will or in the reported cases to support that charge. As hereinabove indicated the most that could be said is that this testator was highly tax conscious and that he wanted to make sure that virtually his entire estate, undiminished by taxes, would be devoted to charitable purposes. Parenthetically it must be noted that the Attorney-General of the State of New York has appeared in this proceeding on behalf of the ultimate charitable beneficiaries and has raised no question as to the validity of the gifts made by this testator under the will.
The motions for summary judgment are granted. As can be seen in disposing of the motions for summary judgment the court has also ruled upon the construction questions raised in the main proceeding. The court, therefore, directs the submission of orders disposing of the motions and a decree construing the decedent’s will in accordance with the foregoing decision.