■ In the Matter of the Estate of GIUSEPPA GALLUCCI, Deceased. ANTHONY OCCHIPINTI, Respondent; LUIGI CAPPA-DORO, as Executor of GIUSEPPA GALLUCCI, Deceased, Appellant. —In a proceeding to construe a will, the executor appeals, as limited by his brief, from so much of a decree of the Surrogate's Court, Suffolk County (Signorelli, S.), dated January 15, 1987, as confirmed the report of the official Referee and construed the language of article "THIRD" of the will of the decedent Giuseppa Gallucci.

Ordered that the decree is affirmed insofar as appealed from, with costs payable by the estate.

The decedent Giuseppa Gallucci died on April 9, 1983, survived by, among others, her grandnephew Anthony Occhipinti, the petitioner herein. The decedent's husband predeceased her. The decedent had no children. The decedent's will,

dated December 16, 1966, provided in article "THIRD", *inter alia,* that her husband was to receive a life estate in a one-family house located at 1034 Park Avenue in the Town of Huntington, Suffolk County. Article "THIRD" then provided, in pertinent part that:

"Upon his death I give, devise and bequeath the same to my beloved grand nephew, ANTHONY V. W. OCCHIPINTI, in trust nonetheless, until he attains the age of 25 years.

"In the event that my beloved grand nephew, ANTHONY V. W. OCCHIPINTI, shall predecease me leaving no issue, then I direct that my Executors, hereinafter named, sell the property and distribute the money as hereinafter indicated.

"In the event that my beloved grand nephew, ANTHONY V. W. OCCHIPINTI, predeceases me leaving issue, then I give, devise and bequeath to such issue the said premises, share and share alike.

"In the event that the aforesaid premises are to be sold, I direct that my Executors give first preference to my nephew, LUIGI CAPPADORO, to purchase same at the then current price after an impartial appraisal has been made to determine the value of the property".

This proceeding was instituted by the petitioner to have the Surrogate's Court construe the provisions of this third article. The petitioner contended that the third article gave him an outright bequest of the house in question in fee simple absolute upon his attaining the age of 25 years. The executor Luigi Cappadoro, the appellant herein, argued that the decedent intended to devise to the petitioner merely a right to occupy and use the house until he reached the age of 25 years at which time the petitioner's interest would terminate and interest in the subject property would pass to the residuary legatees.

The Surrogate found that the issue raised by the parties could not be resolved without resort to extrinsic evidence and, therefore, it directed that a hearing be held. Following the hearing, the Referee who presided recommended that the construction urged by the petitioner be adopted. In his decision confirming the Referee's report, the Surrogate concluded that the will coupled with the extrinsic evidence manifested an intent on the part of the decedent that the subject property

should pass to the petitioner as a gift by implication. This appeal ensued.

The primary rule of testamentary construction is that a will should be read so as to reflect the actual intent of the testator (see, e.g., *Matter of Carmer*, 71 NY2d 781, 785; *Matter of Walker*, 64 NY2d 354, 357-358; *Matter of Thall*, 18 NY2d 186, 192). Where the provisions of the will are ambiguous, the intent of the testator would be gleaned "not from a single word or phrase but from a sympathetic reading of the will as an entirety" (*Matter of Fabbri*, 2 NY2d 236, 240; see, *Matter of Carmer, supra; Matter of Bellows*, 103 AD2d 594, 597, *affd* 65 NY2d 906).

A corollary to this first rule of testamentary construction is the well-settled doctrine of gift by implication which is available in " 'rare and exceptional' " cases (*Matter of Kronen*, 67 NY2d 587, 589) where a reading of the entire will reveals that the testator intended to dispose of his property in a certain manner but through error or omission failed to make clear his exact intent or purpose (see, *Matter of Bellows, supra,* at 597-598). Under such circumstances, "common sense and justice" may compel the court to remedy the situation by finding a gift by implication (*Matter of Englis*, 2 NY2d 395, 402; *see also, Matter of Kronen, supra; Matter of Koellner*, 121 AD2d 838, 839).

In the case before us, a sympathetic reading of the will as a whole together with the hearing evidence reveals the decedent's intent to make an outright gift of the subject premises to the petitioner. It is not disputed that if the petitioner were to predecease the testatrix, leaving issue, then the house in question would pass in fee simple absolute to such issue. The testimony introduced at the hearing demonstrated that after the petitioner's father had died the decedent had taken an active role in caring for the petitioner and possessed a special affection for him. Thus, it is clear that the decedent's dominant purpose or intent arising from her obvious desire to benefit her grandnephew was to ensure that the subject property remain in the petitioner's bloodline. To adopt the interpretation of the will urged by the executor, i.e., that the house would pass to the residuary legatees upon the petitioner reaching the age of 25 years or in the alternative would pass to the petitioner's issue should the petitioner predecease the testatrix, would result in an adulteration of the petitioner's distributive scheme. The end result of the executor's construction of the will would be that the petitioner upon reaching 25 years of age and surviving the testatrix would receive nothing

under the will. It was obviously not the decedent's intent that the petitioner be so excluded. Accordingly, the Surrogate's Court was correct in finding a gift by implication of the subject house to the petitioner in fee simple absolute. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.